

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable C. C. Randle
County Attorney
Ellis County
Waxahachie, Texas

O-6527

Dear Sir:

Opinion No. O-6527
Re: Whether Ellis County
can legally expend funds
out of the Permanent
Improvement Fund for the
purpose of building and
sharing a building with
the City of Ennis?

Your letter, requesting the opinion of this
department on the above stated question reads in part
as follows:

"The County of Ellis maintains a Deputy Tax
Assessor-Collector's office in the City of Ennis,
as provided for in Article 1605, and amended in
1937, providing for the maintenance of an office
in any town of more than five thousand population,
other than the county seat.

"The City of Ennis wishes to build a memorial
building for the veterans of World War 2, in the
City of Ennis. The County would like to build a
part of this building to maintain a Deputy Tax
Assessor-Collector's office, and the balance of
said building to be built by the City of Ennis.

"QUESTION ONE: Can the County legally expend
funds out of the Permanent Improvement Fund for
this purpose?

"QUESTION TWO: Can the County jointly with
the City of Ennis build the above proposed building
and use the Permanent Improvement Funds for same?

"I cite the case of Dancy vs. Davidson, S.W.
2nd 183-195."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable C. C. Randle, page 2

This department has previously held (Opinion No. O-5976) that a county can not expend money out of its Permanent Improvement Fund for the purpose of erecting a memorial, but under Daney v. Davidson, 183 S. W. 2nd 195, cited by you, if the Commissioners' Court, as a legal body, determines that a public building is a necessity and there is no abuse of discretion by the court then the court could expend funds out of the Permanent Improvement Fund for the erection of a building in the City of Ennis and the Deputy Tax Assessor-Collector could maintain an office in said building under Article 2351, Vernon's Ann. Civ. Statutes which provides in part as follows:

"Each commissioners court shall:

" * * *

"7. Provide and keep in repair courthouses, jails and other necessary public buildings."

and also under Article 1605, Vernon's Ann. Civ. Statutes which provides in part as follows:

" * * * The County Judge, Sheriff, Clerks of the District and of the County Courts, County Treasurer, Assessor and Collector of Taxes, County Surveyor and County Attorney of the several counties of this State, shall keep their offices at the county seats of their respective counties; provided, however, that in all counties having a city or cities, other than the county seats, within their boundaries, having a population of five thousand (5,000) and over, and in counties of over three hundred fifty thousand (350,000), according to the last Federal Census, the Assessor and Collector of Taxes when authorized by Order of the Commissioners' Court may maintain a branch office in said city or cities, and may appoint one or more Deputies for said offices, and the salaries to be paid said Deputies together with the office rent and other expenses incidental to maintaining said offices shall be considered as a part of the necessary expenses of the Assessor and Collector of Taxes and shall be paid in the manner now provided by law for the payment of the expenses of the Assessor and Collector of Taxes; * * *"

As to your second question relative to whether the county can join the City of Ennis in building the proposed building, Opinion No. O-4831 of this department

Honorable C. C. Randle, page 3

held that a county could not join a city in purchasing a municipal building to be used by both the county and the city. We believe that this opinion together with the authorities cited thereunder fully answers your question and we enclose it together with Opinion No. 0-5978 for your observation.

This departments' present opinion is based on the fact that the proposed building is to be owned and controled jointly by the City of Ennis and the County of Ellis. If there were a severance as to ownership and control a different rule might result.

Very truly yours,

ATTORNEY GENERAL OF TEXAS

By

John C. Kneppp
Assistant

APPROVED APR 20 1945

ATTORNEY GENERAL OF TEXAS

JCK/jd
Encl.



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN